# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

CIVIL ACTION NO: 3:14-CV-858

HENRY P. ALLISON                                                                     PLAINTIFF

V.

SPECIALIZED LOAN SERVICING, LLC                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment [DN 54]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court holds that Defendant's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

Plaintiff Henry P. Allison brings this lawsuit claiming that Defendant Specialized Loan Servicing, LLC ("SLS") has committed various violations of the Federal Debt Collections Practice Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. In 2002, Plaintiff refinanced his home mortgage with Equifirst Corporation. In 2003, Plaintiff fell behind on loan payments. The mortgage loan has been the subject of two other court proceedings. First, on December 9, 2004, Plaintiff and his late wife filed for Chapter 13 Bankruptcy in the Western District of Kentucky. The bankruptcy action was dismissed on December 26, 2007 on motion of the trustee. Thereafter, on January 10, 2008, the Bank of New York Trust Company, N.A. ("Bank of New York") instituted a civil action against Plaintiff in Jefferson County Circuit Court, seeking to foreclose on the mortgage. It was during this foreclosure action that Plaintiff retained his current attorney. Plaintiff claims that the mortgage brokers who assisted him falsely represented his income, mislead Plaintiff as to the terms of the loan, and forged his signature on closing documents. The foreclosure action is still pending.

On December 2, 2013, the servicing of Plaintiff's loan was transferred to Defendant Specialized Loan Servicing, LLC ("SLS"). Despite the pending foreclosure action, SLS began sending Plaintiff letters seeking to collect money on behalf of the Bank of New York. Plaintiff claims that Defendant's attempts to collect on the debt violated the FDCPA and he filed this lawsuit. Defendant now brings this Motion for Summary Judgment, asking this Court to grant judgment in its favor on all claims against it.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient;

there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

Congress enacted the Fair Debt Collection Practices Act to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692. Courts apply strict liability for violations of the FDCPA, "meaning that a consumer may recover statutory damages if the debt collector violates the FDCPA even if the consumer suffered no actual damages." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009).

Plaintiff's Amended Complaint includes six claims against Defendants. Although Defendant has stated, "Counsel for Allison has stipulated that he will withdraw Count V," (Mot. to Dismiss [DN 54] at 2, n.1) the Court can find no such stipulation from Plaintiff in the record. Thus, summary judgment as to Count V is **DENIED**. Lastly, Count VI of the Amended Complaint asks the Court to award attorneys' fees to Plaintiff. However, since there is no underlying cause of action in Count VI, it is **DISMISSED** and Plaintiff's request for attorneys' fees will be considered as part of his general prayer for relief.

The Court will discuss each remaining claim in turn.

#### A. Count I – False, Deceptive, or Misleading Representations

Plaintiff alleges that Defendant engaged in false, deceptive, or misleading representations in violation of 15 U.S.C. § 1692e. This section of the FDCPA provides a non-exhaustive list of prohibited practices in connection with collection of a debt. Plaintiff claims that Defendant violated this statute in the course of communications sent by Defendant to Plaintiff. First, Plaintiff contends that Defendant's letters included false representations of the amount of debt and fees that Plaintiff owed, which would fall under the prohibit practices of 1692e(2). Further,

Plaintiff alleges that several letters and a door hanger left at Plaintiff's home failed to disclose that they were communication from a debt collector attempting to collect a debt which constitutes a violation of 1692e(11).

**1. 1692e(2)**

The FDCPA prohibits debt collectors from using "false, deceptive, or misleading representations or means in connection with the collection of a debt." 15 U.S.C. § 1692e. In the Amended Complaint, Plaintiff alleges that Defendant violated subsection (2) which states that it is illegal to make false representations of "the character, amount, or legal status of any debt," or "any services rendered or compensation which may be lawfully received." 1692e(2)(A)−(B).

In disputing the validity of the debt, Plaintiff argues, "SLS' creditor, Bank of New York Mellon Trust Company, is not entitled to these sums because it has no right to sue on the note or the mortgage due to fraud and for lack of proper endorsement." (Resp. to Mot. for Summ. J. [DN 65] at 14.) If Plaintiff's assertion is correct, Defendant would be in violation of the FDCPA by attempting to collect on a mortgage debt that its creditor is not legally entitled to collect. Defendant responds, insisting that all of the debts it attempted to collect were valid.

To support its argument, Defendant cites to two ways in which it has already established the validity of Plaintiff's debt. First, Defendant sent Plaintiff a debt validation notice which informed Plaintiff of the charges on his loan and instructed him to dispute the validity of the debt within thirty days or else the debt would be presumed valid. Second, Defendant states that Plaintiff's debt was already deemed valid by a judicial determination during Plaintiff's bankruptcy proceeding. Due to the res judicata effect of bankruptcy determinations, Defendant argues that Plaintiff is now precluded from challenging the validity of his debt.

The Court is not persuaded that Plaintiff's failure to respond to the validation notice serves as proof that the debt is valid. 1692(g)(3) makes clear debt collectors must send a statement to consumers, informing them that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector.*" 15 U.S.C. § 1692g (emphasis added). This provision does not, however, require the Court to make any presumptions about the validity of the debt. Rather, "an unchallenged debt may be assumed to be valid only by the *debt collector*, leaving the consumer free to contest the debt with the lender either directly or in courts." *Hart v. FCI Lender Servs.*, 797 F.3d 219, 227 (2d Cir. 2015) (emphasis in original).

With respect to Defendant's res judicata argument, the Court is hesitant to weigh in on the validity of the debt because that issue appears to be the subject of the pending foreclosure action in state court. On August 28, 2017, Judge McDonald-Burkman refused to grant summary judgment to Bank of New York, stating, "There remains genuine issue of material fact as to the authenticity of Allison's signature on the note, and on the negotiation of the note to Bank of New York." (Order [DN 65-2] from *Bank of N.Y. Trust Co., N.A. v. Allison*, Case No. 08-CI-0431).

The Supreme Court has instructed that "there is a principle to avoid duplicative litigation." *Colo. River Water Conservations Dist. v. United States*, 454, U.S. 800, 817 (1976). When an issue brought before a federal court is already pending before a state court, there are circumstances in which abstention by the federal court is appropriate. *Id.* at 818. Here, the foreclosure action was already pending in Jefferson County Circuit Court before this federal action was filed. Moreover, the issue of the validity of the mortgage will be based on Kentucky state law, where the property involved in the foreclosure action is located. In the interest of avoiding piecemeal litigation, the Court will not determine issues related to the validity of the

debt while those issues are pending in state court. Thus, at this time, it cannot decide Defendant's motion for summary judgment as to Plaintiff's claim under 15 U.S.C. § 1692e(2) in Count I of the Amended Complaint, and it is **DENIED.**

**2. 1692e(11)**

Next, Plaintiff takes issue with letters and door hangers sent by Defendant, claiming that some of these communications violated the FDCPA by not revealing that they were from a debt collector. The FDCPA requires that debt collectors "disclose clearly in all communications made to collect a debt or to obtain information about a consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." § 1692e(11). At issue in this section of the Amended Complaint are three letters dated December 5, 2013, February 20, 2014, and March 19, 2014, as well as a door hanger left at the Plaintiff's home. Plaintiff contends that these communications failed to make the disclosures required by 1692e(11). In seeking to dismiss this claim, Defendant argues that the February 20, 2014 and March, 19, 2014 letters contained the required notice and that the door hanger and the December 5, 2013 letter were not communications to collect a debt.

First, Defendant insists that the February 20 and March 19 letters contained bold statements written in capitals: "THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." (Mot. to Dismiss [DN 54] at 14.) In response, Plaintiff argues that the disclaimers on these letters were insufficient because they were placed on the second page of the document.

Courts within other circuits have set forth specific rules about which page notices must be on in order to not be considered deceptive under 1692e(11), but in this circuit, no specific

standard has been set. Instead, to determine whether a debt collector's practice is deceptive within the meaning of the FDCPA, courts apply an objective test based on the understanding of the "least sophisticated consumer." *Miller*, 561 F.3d at 592. "This standard protects naïve consumers while preventing liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* (quoting *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 509−10 (6th Cir. 2007)) (internal punctuation omitted).

In viewing the February 20 and March 19 letters through the lens of the least sophisticated consumer, the 1692e(11) disclaimers are sufficiently noticeable. In both letters, the disclaimer is quickly located at the very top of the "Legal Disclosures" section in bold, capitalized text. The disclaimer is not hidden amongst other text but rather, it is in a paragraph of its own. Presuming a basic a willingness to read with care, as instructed by the least sophisticated consumer standard, no reasonable jury could find that this notice was insufficient or deceptive.

Next, Defendant argues that the December 5, 2013 letter and the door hanger should not be subjected to the standards of 1692e(11) because these communications were not made "in connection with the collection of any debt" as contemplated by the statute. 15 U.S.C. § 1692e(11). The Sixth Circuit has instructed that for "a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Goodson v. Bank of Am., N.A.*, 600 Fed. Appx. 422, 430−31 (6th Cir. 2015). Deciding the animating purpose is "a question of fact that generally is committed to the discretion of the jurors, not the court." *Id.* at 431. Still, in cases where "a reasonable jury could not find that an animating purpose of the statements was to induce payment, summary judgment is appropriate." *Id.*

In this case, both the December 5 letter and the door hanger could be seen by a reasonable jury as communications in connection with the collection of any debt. As for the letter, at the bottom of the first page, there is a section showing a payment amount and payment instructions. In fact, that section of the page has a line to separate it from the other text on the page, with the instructions, "Detach and return with payment." (Resp. to Motion for Summ. J. Exhibit H [DN 65-8] at 1.) The door hanger is a closer call but a reasonable jury may presume that there is no other motivation for SLS to leave its phone number with instructions to call if not to induce payment of the debt.

Therefore, in regards to Plaintiff's claims under 15 U.S.C. § 1692e(11) in Count I of the Amended Complaint, summary judgment as to the February 20, 2014 and March 19, 2014 letters is **GRANTED** to Defendant and summary judgment as to the December 5, 2013 letter and the door hanger is **DENIED**.

### B. Count II – Unfair Practices

Next, Plaintiff complains that "Defendant used unfair or unconscionable means to collect or attempt to collect any debt, by, *inter alia* by [sic] seeking to collect amounts that were not authorized by agreement or permitted by law." (Amend. Compl. [DN 19] ¶ 57.)[1] The FCDPA prohibits "[t]he collection of any amount (including interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). In its Motion to Dismiss, Defendant argues that "all fees charged by SLS were authorized by the terms of the Mortgage." However, if the mortgage is not valid and enforceable, then no fees can be authorized by it. Therefore, for the

---

[1] This section of the Amended Complaint also takes issue with Defendant "communicating directly with Plaintiff, knowing that Plaintiff was represented by counsel." (Amend. Compl. [DN 19] ¶ 57.) Although Plaintiff cites this activity as a violation of § 1692f(1), the prohibition against communications with consumers who are known to be represented by counsel is actually found in § 1692c. For this reason, this allegation is deferred to the discussion on Count IV - Unlawful Communications.

same reasons as noted above, the Court cannot decide Defendant's Motion for Summary Judgment as to Count II of the Amended Complaint at this time, and it is **DENIED.**

### C. Count III – Violation of Validation Rights

Further, Count III of the Amended Complaint raises an issue with the validation notice sent by Defendants. The FDCPA requires that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector must send the consumer written notice that includes details such as the amount of the debt and the creditor to whom the debt is owed. 15 U.S.C. § 1692g(a). Further, the notice must contain two additional statements: (1) "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector," and (2) "upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor." § 1692g(a)(3) & (5). In this case, Plaintiff takes issue with the sufficiency of the validation notice. Specifically, the validation notice sent by Defendant "failed to clearly identify the trust to whom the debt was owed because of overlapping type" and did not convey Plaintiff's validation rights and a statement about procuring the original creditor's name until the second page of the letter. (Resp. to Mot. to Dismiss [DN 65] at 11.)

In regards to the sufficiency of 1692(g) validation notices, the Sixth Circuit has held that notices must be "large enough to be easily read and sufficiently prominent to be noticed and it must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency." *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 511 (6th Cir. 2007) (internal punctuation omitted).

In looking at the revised letter sent by Defendant on December 8, 2013, no reasonable jury could find that this notice did not meet the requirements of 1692(g). Even presuming that the least sophisticated consumer was the viewer of the letter, the name of the creditor is easily ascertainable, even despite the overlapping text. Further, the required statements about the presumed validity of the debt after thirty days and the ability of the consumer to request the name of the original creditor were both present. Although they were on the second page, this letter was very short and even the least sophisticated consumer is assumed to have read it. Both required statements were found in separate paragraphs in order to not be overshadowed by the rest of the information on the page. No reasonable jury could find that these statements were insufficient and therefore, summary judgment as to Count III of the Amended Complaint is **GRANTED** to Defendant.

### D. Count IV – Unlawful Communications

Lastly, Count IV of the Amended Complaint alleges that Defendant violated the FDCPA by engaging in communications deemed unlawful by 15 U.S.C. § 1692c. Although the Amended Complaint alleges two violations of this section of the FDCPA – 1692c(a)(2) and 1692c(c) – Defendant's Motion for Summary Judgment only addresses the former. This section of the FDCPA prohibits communication with a consumer in connection with the collection of any debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt." 15 U.S.C. § 1692c(a)(2). Plaintiff claims that Defendant violated this provision when, "SLS knew that Plaintiff was represented by counsel with respect to the subject debt when it sent the December 5, 2013 letter, the December 8, 2013 letter, and all subsequent correspondence, to Plaintiff." (Amend. Compl. [DN 19] ¶ 46.) Defendant refutes this claim, stating, "Allison never

contacted anyone at SLS to inform it he was represented by counsel." (Mot. to Dismiss [DN 54] at 17.)

Plaintiff argues that Defendant had to know that he was represented by counsel based on all the circumstances surrounding the debt. The Defendant disagrees. The Court finds a jury might reasonably conclude under these circumstances that Defendant knew Plaintiff was represented by counsel when it sent its collection letters. A jury might just as easily find otherwise. For this reason, Defendant's Motion for Summary Judgment as it relates to Count IV of the Amended Complaint is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is decided as follows:

As to claims under 15 U.S.C. § 1692e(2) in Count I, summary judgment is **DENIED**.

As to claims under 15 U.S.C. § 1692e(11) in Count I, summary judgment as to the February 20, 2014 and March 19, 2014 letters is **GRANTED** and as to the December 5, 2013 letter and the door hanger is **DENIED**.

As to Count II, summary judgment is **DENIED.**

As to Count III, summary judgment is **GRANTED**.

As to Count IV, summary judgment is **DENIED**.

As to Count V, summary judgment is **DENIED**.

As to Count VI, summary judgment is **GRANTED**.

*[signature]*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

February 20, 2018

cc: counsel of record